**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

In Re: **GIVENS, BRERNDA JEAN**　　　　　　Case No.: 21-30520KKS

　　　　Debtor　　　　　　　　　　　　　　　Chapter　　7
_____//

**CHAPTER 7 TRUSTEE'S AMENDED APPLICATION FOR AUTHORITY AND APPROVAL TO EMPLOY VICTOR ZAVALA AND SIMMONS REALTY GROUP AND TO APPROVE LISTING AGREEMENT FOR SALE OF REAL PROPERTY**

COMES NOW the Chapter 7 Trustee, Sherry Chancellor, and pursuant to 11 U.S.C. § 327, states as follows:

1. Sherry Chancellor, is the duly qualified and acting Chapter 7 Trustee of the bankruptcy estate of **BRENDA JEAN GIVENS** .

2. **VICTOR ZAVALA** a member of Simmons Realty Group (jointly referenced herein as "Local Listing Broker") has the expertise and knowledge to assist the Chapter 7 Trustee with the listing of the sale of the real property located at 738 Carondelay Drive, Pensacola, Florida 32506, and which is legally described as follows:

   LT 1 BLK A LL-FAIR EST 2ND ADDN PB 9 P74 OR 8132 P1752 Escambia County, Florida

   hereinafter referred to as the "Real Property".

3. The Debtor has not declared the Real Property as exempt.

4. The Chapter 7 Trustee desires to employ the Local Listing Broker to provide professional services on behalf of this bankruptcy estate fore the list and sale of the Real Property identified herein, in which the above-named Debtor holds an interest. The Local Listing Broker is requesting a commission of six percent (6%) of the gross sales proceeds. All fees and expenses will be presented to the Court for approval prior to payment.

5. Attached hereto as Exhibit "A" is the duly executed and verified statement of on behalf of the Local Listing Broker that their employees and members are disinterested parties, as the term is used in the Bankruptcy Code, do not hold any interests adverse to the Bankruptcy Estate, is not aware of any connection with the Debtor, creditors, any other party in interest, their respective attorneys or accountants, the United States Trustee or any person employed by the Office of the United States Trustee and understands that there is a continuing duty to disclose any such adverse interest.

6. Notice of this Application is being served upon the Office of the United States Trustee, the Debtor's Counsel, and all parties requesting notice in this matter.

7. Attached hereto as Exhibit "B" is a copy of the Listing Agreement and the Chapter 7 Trustee requests that the Court approve this Agreement, which the Chapter 7 Trustee has executed on behalf of this Bankruptcy Estate.

8. BK Global Real Estate Services ("BK Global") has been retained by the Chapter 7 Trustee and BK Global has agreed to fully cooperate with the Local Listing Broker, and to be paid the real estate commission agreed to by the Secured Creditor.

9. First Commerce Credit Union claims a mortgage interest in and to the Real Property known as 738 Carondelay Drive, Pensacola, Florida 32506 and has consented to the sale of the real property subject to their security interest.

**WHEREFORE,** the Trustee respectfully prays that this Court will enter an Order and therein to approve this Application and authorize the employment of Victor Zavala and The Simmons Realty Group to perform professional services on behalf of the Bankruptcy Estate, approve the listing of the sale of the real property located at 903 Indian Place, Havana, Florida, in which the Debtor

{The Remainder of this Page left intentionally blank}

holds an ownership interest, and any such other and further relief that this Court may deem just and proper.

/s/ SHERRY F. CHANCELLOR

**SHERRY F. CHANCELLOR**
619 West Chase St.
Pensacola, Florida 32502
(850) 436-8445
Fla Bar No.: 434574

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished to Brenda Jean Givens c/o Timothy A. Weaver at Tim@wwcattorneys.com and William J. Simontisch, Assistant United States Trustee, USTPRegion21.TL.ECF@usdoj.gov Electronically and to Everett Financial LLC. dba Supreme Lend, C/O Gavin Stewart, Esquire at bk@stewartlegalgroup.com this the 12th day of November 2021.

/s/Sherry Fowler Chancellor
**SHERRY FOWLER CHANCELLOR**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**

In re:   Case No. 21-30520
         Chapter 7

**Brenda Givens**

_____Debtors_____/

**AFFIDAVIT OF VICTOR ZAVALA IN SUPPORT OF APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND SIMMONS REALTY GROUP INC TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. § 327, 328 AND 330**

STATE OF FLORIDA            )
                            )
COUNTY OF Escambia          )

Victor Zavala, being duly sworn, says:

1. I am a real estate agent duly licensed by the State of Florida.

2. I am an agent of Simmons Realty Group Inc a Florida Corporation, with corporate offices located at 9511 Holsberry Rd Ste Pensacola, FL 32534, ("Listing Agent").

3. I am familiar with the Application to Retain Simmons Realty Group Inc, filed by the Trustee ("Application") and the property described therein.

4. I believe that I am experienced and qualified to represent the Trustee in connection with the marketing and sale of the real property located at 738 Carondelay Dr Pensacola, FL 32506 (the "Property").

5. Simmons Realty Group Inc has agreed to accept employment pursuant to the terms and conditions set forth in the Application and the proposed commission structure. Based upon my experience and knowledge of the real estate market, I believe that the commission structure proposed to be paid to Listing Agent does not exceed customary commissions in the applicable geographical area and are reasonable for the type of employment proposed.

6. Neither I nor any member of Simmons Realty Group Inc hold or represent any interest adverse to the estate with respect to the matters for which we are to be employed and we are disinterested persons within the meaning of 11 U.S.C. § 101(14), as required by § 327(a).

7. To the best of my information and belief, neither I nor the other members of this firm have any connection with the Debtors, their creditors, or any other party in interest or their respective attorneys or accountants, the U. S. Trustee, or any person employed in the office of the U.S. Trustee, as required by Rule 2014 of the Federal Rules of Bankruptcy procedure except as set forth below.

8. I represent no interest adverse to the Debtors or its estate in the matters upon which I am to be engaged.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Victor Zavala of
Simmons Realty Group Inc

The foregoing instrument was sworn to and subscribed before me this 12 day of October, 2021.

NOTARY PUBLIC

_____
Notary Public, State of Florida

_____
Type, Stamp, or Print Name as Commissioned

STATE OF FLORIDA
COUNTY OF Escambia

The foregoing instrument was acknowledged before me this 12 day of Oct, 2021, by Victor M. Zavala

_____  _____
Notary Public's Signature  Notary Name
Personally Known ____ OR
Type of Identification Produced D.S.M.V.L 117446770&

BRITTANY N ALLEN
Notary Public-State of Florida
Commission # GG 316048
My Commission Expires
March 26, 2023



**Exclusive Right of Sale Listing Agreement**

1  This Exclusive Right of Sale Listing Agreement ("Agreement") is between
2* _____ Sherry Chancellor, BK Trustee for the estate of Brenda Givens _____ ("**Seller**")
3* and _____ Simmons Realty Group Inc _____ ("**Broker**").

4  **1. Authority to Sell Property: Seller** gives **Broker** the EXCLUSIVE RIGHT TO SELL the real and personal
5  property (collectively "Property") described below, at the price and terms described below, beginning
6* _____ and terminating at 11:59 p.m. on _____ ("Termination Date"). Upon
7  full execution of a contract for sale and purchase of the Property, all rights and obligations of this Agreement will
8  automatically extend through the date of the actual closing of the sales contract. **Seller** and **Broker** acknowledge
9  that this Agreement does not guarantee a sale. This Property will be offered to any person without regard to race,
10 color, religion, sex, handicap, familial status, national origin, or any other factor protected by federal, state, or local
11 law. **Seller** certifies and represents that she/he/it is legally entitled to convey the Property and all improvements.

12 **2. Description of Property:**
13* (a) **Street Address:** 738 CARONDELAY DR, PENSACOLA, FL 32506
14  _____
15* Legal Description: _____ LT 1 BLK A LI-FAIR EST 2ND ADDN PB 9 P 74 OR 8132 P 1752 _____
16* _____ ☐ See Attachment _____
17* (b) **Personal Property, including appliances:** _____ none _____
18* _____ ☐ See Attachment _____
19  (c) **Occupancy:**
20*    Property ☐ is  ☒ is not currently occupied by a tenant. If occupied, the lease term expires _____.

21 **3. Price and Terms:** The property is offered for sale on the following terms or on other terms acceptable to **Seller**:
22*   (a) **Price:** $ 164,000.00 _____
23*   (b) **Financing Terms:** ☒ Cash  ☒ Conventional  ☐ VA  ☐ FHA  ☐ Other (specify) _____
24*      ☐ **Seller** Financing: **Seller** will hold a purchase money mortgage in the amount of $ _____
25*      with the following terms: _____
26*      ☐ Assumption of Existing Mortgage: Buyer may assume existing mortgage for $ _____ plus
27*      an assumption fee of $ _____. The mortgage is for a term of _____ years beginning in
28*      _____, at an interest rate of _____ % ☐ fixed ☐ variable (describe) _____.
29*   Lender approval of assumption ☐ is required ☐ is not required ☐ unknown. **Notices to Seller:** (1) You may
30   remain liable for an assumed mortgage for a number of years after the Property is sold. Check with your
31   lender to determine the extent of your liability. **Seller** will ensure that all mortgage payments and required
32   escrow deposits are current at the time of closing and will convey the escrow deposit to the buyer at closing.
33   (2) Extensive regulations affect **Seller** financed transactions. It is beyond the scope of a real estate licensee's
34   authority to determine whether the terms of your **Seller** financing agreement comply with all applicable laws or
35   whether you must be registered and/or licensed as a loan originator before offering **Seller** financing. You are
36   advised to consult with a legal or mortgage professional to make this determination.
37*   (c) **Seller Expenses: Seller** will pay mortgage discount or other closing costs not to exceed _____ 0 % of the
38      purchase price and any other expenses **Seller** agrees to pay in connection with a transaction.

39 **4. Broker Obligations: Broker** agrees to make diligent and continued efforts to sell the Property in accordance with
40   this Agreement until a sales contract is pending on the Property.

41 **5. Multiple Listing Service:** Placing the Property in a multiple listing service (the "MLS") is beneficial to **Seller**
42   because the Property will be exposed to a large number of potential buyers. As a MLS participant, **Broker** is
43   obligated to enter the Property into the MLS within one (1) business day of marketing the Property to the public
44   (see Paragraph 6(a)) or as necessary to comply with local MLS rule(s). This listing will be published accordingly in
45   the MLS unless **Seller** directs **Broker** otherwise in writing. (See paragraph 6(b)(i)). **Seller** authorizes **Broker** to
46   report to the MLS this listing information and price, terms, and financing information on any resulting sale for use
47   by authorized Board / Association members and MLS participants and subscribers unless **Seller** directs **Broker**
48   otherwise in writing.

Seller (_____) (_____) and Broker/Sales Associate (*VZ*) (_____) acknowledge receipt of a copy of this page, which is Page 1 of 5.
ERS-18tn    Rev 5/2020    ©2020 Florida Realtors®
Serial#: 062903-100163-5254376

Form Simplicity

Electronically Signed using eSignOnline™ [ Session ID : 86060086-0d9c-468c-bbed-74d514a62eef ]

6. **Broker Authority: Seller** authorizes **Broker** to:
   (a) Market the Property to the Public (unless limited in Paragraph 6(b)(i) below):
      (i) Public marketing includes, but is not limited to, flyers, yard signs, digital marketing on public facing websites, brokerage website displays (i.e. IDX or VOW), email blasts, multi-brokerage listing sharing networks and applications available to the general public.
      (ii) **Public marketing also includes marketing the Property to real estate agents outside Broker's office.**
      (iii) Place appropriate transaction signs on the Property, except if Paragraph 6(b)(i) is checked below.
      (iv) Use **Seller's** name in connection with marketing or advertising the Property.
         ☐ Display the Property on the Internet except the street address.
   (b) Not Publicly Market to the Public/Seller Opt-Out:
      (i) ☐ **Seller** does not authorize **Broker** to display the Property on the MLS.
      (ii) **Seller** understands and acknowledges that if **Seller** checks option 6(b)(i), a For Sale sign will not be placed upon the Property and
      (iii) **Seller** understands and acknowledges that if **Seller** checks option 6(b)(i), **Broker** will be limited to marketing the Property only to agents within **Broker's** office.
      _____/_____ **Initials of Seller**
   (c) Obtain information relating to the present mortgage(s) on the Property.
   (d) Provide objective comparative market analysis information to potential buyers.
   (e) (**Check if applicable**) ☒ Use a lock box system to show and access the Property. A lock box does not ensure the Property's security. **Seller** is advised to secure or remove valuables. **Seller** agrees that the lock box is for **Seller's** benefit and releases **Broker**, persons working through **Broker**, and **Broker's** local Realtor Board / Association from all liability and responsibility in connection with any damage or loss that occurs.
      ☐ Withhold verbal offers. ☐ Withhold all offers once **Seller** accepts a sales contract for the Property.
   (f) Act as a single agent of **Seller** with consent to transition to transaction broker.
   (g) **Virtual Office Websites:** Some real estate brokerages offer real estate brokerage services online. These websites are referred to as Virtual Office Websites ("VOWs"). An automated estimate of market value or reviews and comments about a property may be displayed in conjunction with a property on some VOWs. Anyone who registers on a VOW may gain access to such automated valuations or comments and reviews about any property displayed on a VOW. Unless limited below, a VOW may display automated valuations or comments and reviews about this Property.
      ☐ **Seller** does not authorize an automated estimate of the market value of the listing (or a hyperlink to such estimate) to be displayed in immediate conjunction with the listing of this Property.
      ☐ **Seller** does not authorize third parties to write comments or reviews about the listing of the Property (or display a hyperlink to such comments or reviews) in immediate conjunction with the listing of this Property.

7. **Seller Obligations:** In consideration of **Broker's** obligations, **Seller** agrees to:
   (a) Cooperate with **Broker** in carrying out the purpose of this Agreement, including referring immediately to **Broker** all inquiries regarding the Property's transfer, whether by purchase or any other means of transfer.
   (b) Recognize **Broker** may be subject to additional MLS obligations and potential penalties for failure to comply with them.
   (c) Provide **Broker** with keys to the Property and make the Property available for **Broker** to show during reasonable times.
   (d) Inform **Broker** before leasing, mortgaging, or otherwise encumbering the Property.
   (e) Indemnify **Broker** and hold **Broker** harmless from losses, damages, costs, and expenses of any nature, including attorney's fees, and from liability to any person, that **Broker** incurs because of (1) **Seller's** negligence, representations, misrepresentations, actions, or inactions; (2) the use of a lock box; (3) the existence of undisclosed material facts about the Property; or (4) a court or arbitration decision that a broker who was not compensated in connection with a transaction is entitled to compensation from **Broker**. This clause will survive **Broker's** performance and the transfer of title.
   (f) Perform any act reasonably necessary to comply with FIRPTA (Section 1445 of the Internal Revenue Code).
   (g) Make all legally required disclosures, including all facts that materially affect the Property's value and are not readily observable or known by the buyer. **Seller** certifies and represents that **Seller** knows of no such material facts (local government building code violations, unobservable defects, etc.) other than the following: _____none_____
      **Seller** will immediately inform **Broker** of any material facts that arise after signing this Agreement.
   (h) Consult appropriate professionals for related legal, tax, property condition, environmental, foreign reporting requirements, and other specialized advice.

Seller (\_\_\_\_\_) (\_\_\_\_\_) and Broker/Sales Associate (*NZ*) (\_\_\_\_\_) acknowledge receipt of a copy of this page, which is Page 2 of 5.
ERS-18tn Rev 5/2020 ©2020 Florida Realtors®
Serial#: 062903-100163-5254376

Form Simplicity

Electronically Signed using eSignOnline™ [ Session ID : 86060086-0d9c-468c-bbed-74d514a62eef ]

8. **Compensation: Seller** will compensate **Broker** as specified below for procuring a buyer who is ready, willing, and able to purchase the Property or any interest in the Property on the terms of this Agreement or on any other terms acceptable to **Seller**. **Seller** will pay **Broker** as follows (plus applicable sales tax):

   (a) _____6_____% of the total purchase price plus $_____ OR $_____, no later than the date of closing specified in the sales contract. However, closing is not a prerequisite for **Broker's** fee being earned.

   (b) _____ ($ or %) of the consideration paid for an option, at the time an option is created. If the option is exercised, **Seller** will pay **Broker** the Paragraph 8(a) fee, less the amount **Broker** received under this subparagraph.

   (c) _____ ($ or %) of gross lease value as a leasing fee, on the date **Seller** enters into a lease or agreement to lease, whichever is earlier. This fee is not due if the Property is or becomes the subject of a contract granting an exclusive right to lease the Property.

   (d) **Broker's** fee is due in the following circumstances: (1) If any interest in the Property is transferred, whether by sale, lease, exchange, governmental action, bankruptcy, or any other means of transfer, regardless of whether the buyer is secured by **Seller**, **Broker**, or any other person. (2) If **Seller** refuses or fails to sign an offer at the price and terms stated in this Agreement, defaults on an executed sales contract, or agrees with a buyer to cancel an executed sales contract. (3) If, within __60__ days after Termination Date ("Protection Period"), **Seller** transfers or contracts to transfer the Property or any interest in the Property to any prospects with whom **Seller**, **Broker**, or any real estate licensee communicated regarding the Property before Termination Date. However, no fee will be due **Broker** if the Property is relisted after Termination Date and sold through another broker.

   (e) **Retained Deposits:** As consideration for **Broker's** services, **Broker** is entitled to receive _____% (50% if left blank) of all deposits that **Seller** retains as liquidated damages for a buyer's default in a transaction, not to exceed the Paragraph 8(a) fee.

9. **Cooperation with and Compensation to Other Brokers: Notice to Seller:** The buyer's broker, even if compensated by **Seller** or **Broker**, may represent the interests of the buyer. **Broker's** office policy is to cooperate with all other brokers except when not in **Seller's** best interest and to offer compensation in the amount of
   ☒ ____2____% of the purchase price or $_____ to a single agent for the buyer; ☒ ____2____% of the purchase price or $_____ to a transaction broker for the buyer; and ☐ _____ 0% of the purchase price or $_____ to a broker who has no brokerage relationship with the buyer.
   ☐ None of the above. (If this is checked, the Property cannot be placed in the MLS.)

10. **Brokerage Relationship:**

**SINGLE AGENT NOTICE**

**FLORIDA LAW REQUIRES THAT REAL ESTATE LICENSEES OPERATING AS SINGLE AGENTS DISCLOSE TO BUYERS AND SELLERS THEIR DUTIES.**

As a single agent, _____Simmons Realty Group Inc_____ and its associates owe to you the following duties:

1. Dealing honestly and fairly;
2. Loyalty;
3. Confidentiality;
4. Obedience;
5. Full Disclosure;
6. Accounting for all funds;
7. Skill, care, and diligence in the transaction;
8. Presenting all offers and counteroffers in a timely manner, unless a party has previously directed the licensee otherwise in writing; and
9. Disclosing all known facts that materially affect the value of residential real property and are not readily observable.

_____  _____
Signature                                                                      Date

_____  _____
Signature                                                                      Date

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**CONSENT TO TRANSITION TO TRANSACTION BROKER**

Seller (_____) (_____) and Broker/Sales Associate (VZ) (_____) acknowledge receipt of a copy of this page, which is Page 3 of 5.

ERS-18tn   Rev 5/2020                                                                                          ©2020 Florida Realtors®
Serial#: 062903-100163-5254376

Form Simplicity

Electronically Signed using eSignOnline™ [ Session ID : 86060086-0d9c-468c-bbed-74d514a62eef ]

159 **FLORIDA LAW ALLOWS REAL ESTATE LICENSEES WHO REPRESENT A BUYER OR SELLER AS A SINGLE**
160 **AGENT TO CHANGE FROM A SINGLE AGENT RELATIONSHIP TO A TRANSACTION BROKERAGE**
161 **RELATIONSHIP IN ORDER FOR THE LICENSEE TO ASSIST BOTH PARTIES IN A REAL ESTATE**
162 **TRANSACTION BY PROVIDING A LIMITED FORM OF REPRESENTATION TO BOTH THE BUYER AND THE**
163 **SELLER. THIS CHANGE IN RELATIONSHIP CANNOT OCCUR WITHOUT YOUR PRIOR WRITTEN CONSENT.**

164* As a transaction broker, _____ Simmons Realty Group Inc _____
165 and its associates, provides to you a limited form of representation that includes the following duties:

166 1. Dealing honestly and fairly;
167 2. Accounting for all funds;
168 3. Using skill, care, and diligence in the transaction;
169 4. Disclosing all known facts that materially affect the value of residential real property and are not readily observable
170 to the buyer;
171 5. Presenting all offers and counteroffers in a timely manner, unless a party has previously directed the licensee
172 otherwise in writing;
173 6. Limited confidentiality, unless waived in writing by a party. This limited confidentiality will prevent disclosure that the
174 seller will accept a price less than the asking or listed price, that the buyer will pay a price greater than the price
175 submitted in a written offer, of the motivation of any party for selling or buying property, that a seller or buyer will agree
176 to financing terms other than those offered, or of any other information requested by a party to remain confidential; and
177 7. Any additional duties that are entered into by this or by separate written agreement.

178 Limited representation means that a buyer or seller is not responsible for the acts of the licensee. Additionally, parties
179 are giving up their rights to the undivided loyalty of the licensee. This aspect of limited representation allows a licensee
180 to facilitate a real estate transaction by assisting both the buyer and the seller, but a licensee will not work to represent
181 one party to the detriment of the other party when acting as a transaction broker to both parties.

182 I agree that my agent may assume the role and duties of a transaction broker.

183* _____                              _____
184 Signature                                                                                                       Date

185* _____                              _____
186 Signature                                                                                                       Date

187 **11. Conditional Termination:** At **Seller's** request, **Broker** may agree to conditionally terminate this Agreement. If
188 **Broker** agrees to conditional termination, **Seller** must sign a withdrawal agreement, reimburse **Broker** for all direct
189* expenses incurred in marketing the Property, and pay a cancellation fee of $_____ plus
190 applicable sales tax. **Broker** may void the conditional termination, and **Seller** will pay the fee stated in Paragraph
191 8(a) less the cancellation fee if **Seller** transfers or contracts to transfer the Property or any interest in the Property
192 during the time period from the date of conditional termination to Termination Date and Protection Period, if
193 applicable.

194 **12. Dispute Resolution:** This Agreement will be construed under Florida law. All controversies, claims, and other
195 matters in question between the parties arising out of or relating to this Agreement or the breach thereof will be
196 settled by first attempting mediation under the rules of the American Mediation Association or other mediator
197 agreed upon by the parties. If litigation arises out of this Agreement, the prevailing party will be entitled to recover
198 reasonable attorney's fees and costs, unless the parties agree that disputes will be settled by arbitration as follows:
199* **Arbitration:** By initialing in the space provided, **Seller** (____) (____), Sales Associate (*VJ*), and **Broker** (____)
200 agree that disputes not resolved by mediation will be settled by neutral binding arbitration in the county in which
201 the Property is located in accordance with the rules of the American Arbitration Association or other arbitrator
202 agreed upon by the parties. Each party to any arbitration (or litigation to enforce the arbitration provision of this
203 Agreement or an arbitration award) will pay its own fees, costs, and expenses, including attorney's fees, and will
204 equally split the arbitrator's fees and administrative fees of arbitration.

205 **13. Miscellaneous:** This Agreement is binding on **Seller's** and **Broker's** heirs, personal representatives,
206 administrators, successors, and assigns. **Broker** may assign this Agreement to another listing office. This
207 Agreement is the entire agreement between **Seller** and **Broker**. No prior or present agreements or representations
208 will be binding on **Seller** or **Broker** unless included in this Agreement. Electronic signatures are acceptable and
209 will be binding. Signatures, initials, and modifications communicated by facsimile will be considered as originals.
210 The term "buyer" as used in this Agreement includes buyers, tenants, exchangors, optionees, and other categories
211 of potential or actual transferees.

212* **14. Additional Terms:** This listing agreement and any sale of the property is subject to and conditioned upon
213  approval by the United State Bankruptcy Court.
214  ___
215  ___
216  ___
217  ___
218  ___
219  ___
220  ___
221  ___
222  ___
223  ___
224  ___
225  ___
226  ___

227* **Seller's Signature:** _____ Date: _____
228* Home Telephone: _____ Work Telephone: _____ Facsimile: _____
229* Address: 738 CARONDELAY DR, PENSACOLA, FL 32506
230* Email Address: _____
231* **Seller's Signature:** _____ Date: _____
232* Home Telephone: _____ Work Telephone: _____ Facsimile: _____
233* Address: _____
234* Email Address: _____
235* **Authorized Sales Associate or Broker:** *Victor Zavala*    Date: 10/26/2021 9:24 AM CDT
236* Brokerage Firm Name: Simmons Realty Group Inc    Telephone: 850-471-8264
237* Address: 2705 Silhouette Drive Cantonment FL 32533

238* Copy returned to **Seller** on _____ by ☐ email ☐ facsimile ☐ mail ☐ personal delivery.

Florida REALTORS® makes no representation as to the legal validity or adequacy of any provision of this form in any specific transaction. This standardized form should not be used in complex transactions or with extensive riders or additions. This form is available for use by the entire real estate industry and is not intended to identify the user as REALTOR®. REALTOR® is a registered collective membership mark which may be used only by real estate licensees who are members of the NATIONAL ASSOCIATION OF REALTORS® and who subscribe to its Code of Ethics. The copyright laws of United States (17 U.S. Code) forbid the unauthorized reproduction of this form by any means including facsimile or computerized forms.

Seller (____) (____) and Broker/Sales Associate (*VZ*) (____) acknowledge receipt of a copy of this page, which is Page 5 of 5.
ERS-18tn    Rev 5/2020    ©2020 Florida Realtors®
Serial#: 062903-100163-5254376

Form Simplicity

Electronically Signed using eSignOnline™ [ Session ID : 86060086-0d9c-468c-bbed-74d514a62eef ]